**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO.:

ALLAN McHENRY,

      Plaintiff,
vs.

NEWREZ LLC, D/B/A SHELLPOINT
MORTGAGE SERVICING,

      Defendant.
_____/

**COMPLAINT**

**COME NOW,** the Plaintiff, ALLAN McHENRY ("Plaintiff", "McHenry"), by and through his undersigned counsel, and bring this action against the Defendant, NEWREZ, LLC, d/b/a SHELLPOINT MORTGAE SERVICING, ("Defendant", "NEWREZ") and in support alleges as follows:

**INTRODUCTION**

1. This is an action brought by Plaintiff for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and the respective implementing regulations.

3. Specifically, Plaintiffs seek the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA, Sections 1024.35 and 1024.36 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because the property (the "subject property") is located in Miami-Dade County, Florida, and this is the district where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, the Defendant was and is a Delaware limited liability company duly licensed to transact business in the State of Florida.

8. At all times material hereto, Plaintiff owned and continues to own the subject property, which is located in Miami-Dade County, Florida with an address of 1525 N.E. 128th Street, North Miami, FL 33161.

9. Prior to the violations alleged herein, the Defendant was hired to service the subject loan. More specifically, Plaintiff was notified by written correspondence dated October 17, 2019 that Defendant had been hired to service his mortgage.

10. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property.

11. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number 05XXXX2274.

## BACKGROUND AND GENERAL ALLEGATIONS

12. In approximately May 9, 2007, Plaintiff entered into a promissory note agreement (the "Note") with Countywide Home Loans Inc. for what he intended to be his primary residence.

13. The Note was secured by a mortgage on the subject property (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

14. NEWREZ as the current servicer of the loan has been returning mortgage payments to Plaintiff and alleging that his loan is past due.

15. NEWREZ has also force placed insurance on Plaintiff's mortgage.

16. Because of Defendant's conduct, on December 12, 2020, Plaintiff sent a specific Request for Information via certified mail to Defendant seeking information regarding the returned mortgage payments, as well as the force placed insurance, and a variety of other topics to ensure that his mortgage was being properly serviced.  (See Exhibit "A")

17. Amongst other things, the Request for Information requested the following:

    a. Please provide a complete pay history for the life of the loan.

    b. Please provide a copy of all escrow analyses performed on the loan since January 2017.

    c. Please provide copies of all invoices received from all insurance companies for the subject property since January 2017.

    d. Provide a list of payments to all insurance companies since January, 2017, including the payee and the date of payment.

18. Both the complete pay history and the insurance documents would allow Mr. McHenry to see exactly where things have gone awry and would provide necessary information to verify that Mr. McHenry is correct and allow him to take the steps necessary to rectify the situation.

19. Even if Mr. McHenry is not correct despite his certainty, the requested information will allow Mr. McHenry to take steps to ensure his loan is current.

20. The Qualified Written request also asserted as a servicing error pursuant to 12 C.F.R § 1204.35 that Mr. McHenry is not in default of his loan obligations.

21. The due date for the response was thirty (30) business days after Defendant received Plaintiff's Request for Information on December 14, 2020.

22. In derogation of RESPA, Defendant simply ignored Plaintiff's written request.

23. Instead, Defendant simply mailed Plaintiff a "Validation of Debt" letter, which did not respond to Plaintiff's specific questions, particularly those relating to the force placed insurance on his property. (See Exhibit "B," attached)

24. Because of Defendant's refusal to reply with its obligations pursuant to RESPA, Plaintiff was forced to hire then retained Loan Lawyers, LLC ("Loan Lawyers") as counsel to represent him, and to obtain the documentation necessary to evaluate the servicing of his loan.

**I.** **The Request for Information and Notice of Error**

25. In furtherance of the efforts to assist Mr. McHenry, Loan Lawyers sent a second request to NEWREZ on or about February 8, 2021. (Exhibit "C")

26. Plaintiff's second request to Defendant was received by NEWREZ on or about February 11, 2021.

27. Plaintiff was forced to send the second (2nd) Request for information due to Defendant's failure to respond to his First (1st) Request for Information as required pursuant to federal law.

28. The letter mentioned in the preceding paragraph gave NEWREZ additional time to respond to the Qualified Written Request and also provided notice and opportunity to cure in the event NEWREZ believed that there was any agreement that provided for such before taking legal action.

29. Plaintiff sent Defendant his second request on February 8th, 2021.

30. Plaintiff incurred $7.05 in postage fees in order to send his second (2nd) Request for Information to Defendant.

31. The need to send Exhibit "C" and incur the expense of mailing directly flows from NEWREZ's failure to response to the initial Qualified Written Request.

32. In addition to incurring the mailing expenses referenced above as a result of NEWREZ's failure to comply with RESPA, Mr. McHenry has also suffered emotional distress.

33. As previously alleged herein, Mr. McHenry does not believe he has ever defaulted on his mortgage or insurance obligations. He is suffering from stress, anxiety, and worry due to being placed into foreclosure, and from being in the dark as to what has gone awry with his loan.

34. Once Mr. McHenry has the information requested in the Qualified Written Request and the explanation from NEWREZ, he can then take the next steps to rectify whatever has gone wrong.

35. Every day that goes by without a response is one more day of suffering from the uncertainty of why NEWREZ is alleging that Mr. McHenry is in default of his loan and insurance obligations, and another day of worry, stress, and anxiety due to being placed into foreclosure.

36. Once Mr. McHenry has the response to the Qualified Written request, he will then be able to take the next steps to avoid foreclosure, but without this information, he is unable to determine what steps are necessary and is suffering from stress, anxiety, and worry due to this uncertainty created by NEWREZ.

37. Further, every month that goes by is another month of mounting fees and charges that are being assessed on his loan account with NEWREZ.

## II. Requirements After NEWREZ Received Plaintiff's Qualified Written Request

38. The Defendant was obligated to acknowledge receipt of Plaintiffs' Qualified Written Request in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d). NEWREZ never provided the acknowledgement letter.

39. The Defendant was further required to provide a written response to Plaintiffs' additional information requests within thirty (30) business days, with the requested information included or a written statement that the "requested information is not available to the servicer" and the "basis for the servicer's determination." See 12 C.F.R. § 1024.36(d).

40. Pursuant to RESPA under 12 C.F.R. § 1024.36(d) NEWREZ was required to provide its' written response to the Request for Information for a complete pay history for the life of the loan and the mortgage statements from 2017 to the present. Despite almost five (5) months elapsing, NEWREZ has still failed to do so.

41. The Defendant was further required to provide a written response to Plaintiffs' Notice of Error within thirty (30) business days after having conducted a reasonable investigation and sharing the results of that investigation with Mr. McHenry, and correcting any servicing errors. See 12 C.F.R. § 1024.35(e). Despite almost five (5) months elapsing, NEWREZ has still failed to do so.

42. Exhibit "C" provided the Defendant with an additional opportunity to comply with the law thus granting an extension without a request, however NEWREZ has still failed to comply.

43. Despite those efforts, the Defendant has failed or refused to respond to and correct the errors of which they were advised, contrary to 12 C.F.R. § 1024.35, and has failed or refused to respond to Plaintiff's RFI, contrary to 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B), as well. Each of these errors in NEWREZ's servicing conduct is a violation of RESPA.

### COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

44. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 43 against the Defendant.

45. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>     A servicer of a federally related mortgage shall not--
>
> \*\*\*\*
>
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>
> \*\*\*\*
>
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
> 12 U.S.C. § 2605(k)

46. 12 C.F.R. § 1024.35 (Notice of Error) and § 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See* Mortgage Servicing Rules Under the Real Estate Settlement Procedures

Act (Regulation X), 78 FR 10696, 10714, 78 FR 10696-01, 10714 ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also* Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 FR 10696, at 10737, 10, 78 FR 10696-01, at 10737, 10 (the CFPB noting that 12 C.F.R. § 1024.35 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

47.  The CFPB's authority to prescribe such regulations under 12 U.S.C. § 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

48.  NEWREZ's failure to respond to the Request for Information and Notice of Error is a violation of federal Regulation X.

49.  Where no pay history for the life of the loan nor the mortgage statements from 2017 to the present were ever provided, the Defendant has also failed to or refused to comply with 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B) by not providing any written response to a request for information within the required timeframe.

50.  Further, by failing to conduct a reasonable investigation of the errors alleged by Mr. McHenry, by failing to inform Mr. McHenry of the results of that investigation, and by failing to correct any errors, the Defendant has also failed to or refused to comply with 12 C.F.R. § 1024.35(e)(1) and 12 C.F.R. § 1024.35(e)(3)(i)(B).

51.  As such, the Defendant has violated 12 U.S.C. § 2605(k)(1)(E).

52. Plaintiff has hired Loan Lawyers, LLC and Consumer Law Organization, PA, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

53. The Plaintiff has been injured in fact, and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiffs and other consumers like them. The threshold of the Defendant's violations stem from the failure to provide the information requested in the Request for Information and for failing to conduct a reasonable investigation of the errors alleged by Mr. McHenry, by failing to inform Mr. McHenry of the results of that investigation, and by failing to correct any errors. These injuries are in the form of postage costs and emotional distress damages as more particularly described herein.

54. Further, Mr. McHenry seeks nominal damages for violation of his rights pursuant to RESPA and implemented through regulation X as is more particularly described herein.

55. Therefore, the Plaintiffs' injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, the Defendant violated the Plaintiffs' procedural rights under RESPA by not providing the information responsive to the Plaintiffs' requests for that information and for failing to respond to the notice of error.

56. Plaintiff is entitled to actual damages and nominal damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's reminder letter and notice and opportunity to cure and (2) emotional distress due to Defendant's failure to adequately respond to inquiries as required by RESPA. See *Martinez v. Shellpoint Mortgage Servicing*, 16-60026-CIV, 2016 WL 6600437 (S.D. Fla. Nov. 8, 2016);

*Porciello v. Bank of Am., N.A.*, 8:14-CV-1511-T-17AEP, 2015 WL 899942 (M.D. Fla. Mar. 3, 2015)(same); *Bryan v. Fed. Nat. Mortg. Ass'n*, 8:14-CV-307-T-26TGW, 2014 WL 2988097 (M.D. Fla. July 2, 2014)(finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment). Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing their property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address the Plaintiff's concerns relating to his loan. See *Bryan*, 2014 WL 2988097 (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

57. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Allan McHenry, respectfully ask this Court to enter an order granting judgment for the following:

(a) That the Defendant be required to provide the totality of the information requested in Plaintiff's request for information with detail and specificity;

(b) That the Defendant be ordered to conduct a reasonable investigation of the errors alleged by Mr. McHenry, inform Mr. McHenry of the results of that investigation, and correct any errors found in the investigation;

(c) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(d) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY

Plaintiff, Allan McHenry, hereby demands a trial by jury of all issues so triable.

Date:   May 18, 2021                              Respectfully Submitted,

*/s/ J. Dennis Card Jr.*
J. Dennis Card, Jr., Esq.
FL Bar No.: 0487473
E-mail: dennis@cloorg.com
CONSUMER LAW ORGANIZATION, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Telephone: (561) 822-3446
Facsimile:  (305) 574-0132

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esquire
FL Bar No.: 175821
E-mail: matthew@fight13.com
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile:  (954) 581-2786

*Attorneys for Plaintiff*